.JOHN B. ROPER, plaintiff in error, v. JOHN M. CLABAUGH, defendant in error.

*Error to Clinton.*

'The certificate of the receiver of a land office, of the receipt of the purchase money for a tract of land, is not evidence of title. The register, having the custody of all the records, books, and plats relating to the sales of lands in his district, is the only . officer whose certificate could be safely received as evidence of title.

THIS cause was heard in the Court below, at the September term, 1840, before the Hon. Sidney Breese and a jury. Verdict and judgment were rendered for the plaintiff, and the cause brought to this Court by writ of error.

L. TRUMBULL, for the plaintiff in error, cited Bruner v. Manlove *et al.*, 1 Scam. 156.

J. SHIELDS and J. C. CONKLING, for the defendant in error, cited 2 Porter 437; 5 Porter 86; Bruner v. Manlove *et al.*, 1 Scam. 158.

DOUGLASS, Justice, delivered the opinion of the Court:
This was an action of *trespass quare clausum fregit*, brought by 'Clabaugh against Roper, for entering his close, and carrying away his rails and other property. The defendant pleaded not .guilty; and issue being joined, the testimony heard, and instruc- 'tions given, the jury returned a verdict for the plaintiff, for $12. It appears from the bill of exceptions, that the plaintiff offered in .evidence a receipt of which the following is a copy, to wit:

"Receiver's Office, Edwardsville, Illinois,
"Feb'y 1st, 1837.
-" (Duplicate.)

"Received from John Clabaugh, of Clinton Co., Ill., the sum -of one hundred and fifty dollars and —— cents, being in full for the E. ½ of the S. W. ¼, and N. W. ¼ of S. W. ¼ of section number twenty-five, township number two, north of range number three, west of the third principal meridian, containing one hundred and twenty acres, at the rate of $1.25 per acre.
"A. M. JENKINS, Receiver.
"One hundred and fifty dollars, silver."

The defendant admitted this receipt to be in the handwriting of 'the said A. M. Jenkins, but objected to its being read in evidence, :as proof of title. Subsequently, the defendant asked the Court to instruct the jury, that said receiver's receipt "is not evidence of the entry of the tracts of land mentioned in the said receipt, and is

not evidence of title in said plaintiff, and is only evidence that the sum of money mentioned therein has been received by the United States, for the tracts of land therein mentioned."

The Court refused these instructions, and in lieu thereof gave the following:

*First.* That if the jury believe, from the testimony, that the plaintiff was the owner of the land at the time Mr. Roper took the rails, and that Roper took them without the consent of Clabaugh, they must find for the plaintiff;

*Second.* That if they believe, from the testimony, that Mr. Clabaugh entered the land upon which the fences in dispute stood, the fences became the property of Clabaugh, by such entry;

*Third.* That the certificate of the receiver of the land office, offered in testimony, is proof that the title of the land therein included is in the plaintiff.

The assignment of errors, among other things, questions the correctness of the decision of the Court below, in admitting the receiver's receipt in evidence, to establish title to the land, and, also, in overruling the instructions prayed for by the defendant, and in giving those asked for by the plaintiff below, touching the same point.

To determine the correctness of these decisions, it will be necessary to refer to the fourth section of "*An Act declaring what shall be Evidence in certain cases.*" (1)

That section is as follows:

"The official certificate of any register or receiver of any land office of the United States, to any fact or matter on record in his office, shall be received in evidence in any court in this State, and shall be competent to prove the fact so certified. The certificate of any such register of the entry or purchase of any tract of land within his district, shall be deemed and taken to be evidence of title in the party who made such entry or purchase, or his heirs or assigns, and shall enable such party, his heirs or assigns, to recover the possession of the land described in such certificate, in any action of ejectment or forcible entry and detainer, unless a better legal and paramount title be exhibited for the same."

By this section the receiver's certificate is made evidence of any fact or matter on record in his office, and the register's certificate is made evidence of title.

The receiver's duplicate receipt, which was read in evidence in the case under consideration, does not state that Clabaugh was the owner of the land in question, or had ever entered the same at the land office. Indeed the receiver could not have certified these facts; for they are not facts appearing of record in his office. He is not entrusted with the possession of the plats, tract books, register of certificates, or any other record evidencing the sales of

(1) R. L. 280; Gale's Stat. 287.

---

the public lands in his district. These are all committed to the custody of the register, and, consequently, he was the only officer who could have certified, in truth, that Clabaugh had entered said lands at the land office at Edwardsville, if indeed such were the fact. It is true that the receiver might have properly certified, that it appeared of record in his office, that the United States had received of said Clabaugh one hundred and fifty dollars, in full for said lands; and his certificate would have been evidence of the fact so certified; but in this case the receiver has not certified that it appears of record, in his office, that Clabaugh had paid the money. He merely certifies that he has received the money, without stating that that fact appears of record in his office. But supposing the receiver's certificate to be in due form, and to contain all that he could in truth certify, then it would be evidence of nothing more than the payment of the money, for the land named therein; for that is the only fact appearing of record in his office.

The register's certificate, however, is made evidence of title by the statute. Our statute, in this respect, seems to have been based upon an accurate knowledge of the organization of our land system, and of the mode in which the business is transacted in the land offices.

The register, having the custody of all the records, books, and plats relating to the sales of lands in his district, is the only officer whose certificate could be safely received as evidence of title.

The Court below erred, therefore, in deciding that the receiver's duplicate receipt was evidence of title in the person paying the money. As the judgment below must be reversed, and the cause remanded for this reason, it is not necessary to notice the other assignments of error, which do not seem to be material to the merits of the cause.

*Judgment reversed.*